## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 835 - 1 | **DATE** | 3/3/2004 |
| **CASE TITLE** | USA vs. McCarter | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for a judgment of acquittal or, in the alternative, for a new trial is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 04 2004 date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 3/3/2004 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | | MPJ mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
       Plaintiff, )
)
v. ) No. 03 CR 835
)
TERRANCE MCCARTER, )
)
       Defendant. )

## MEMORANDUM OPINION AND ORDER

Defendant Terrance McCarter was indicted on August 27, 2003, on two counts related to an attempted robbery on September 1, 1998. Mr. McCarter was arrested on September 8, 2003. After a jury trial, Mr. McCarter was convicted on both counts on December 18, 2003. Mr. McCarter now moves for a judgment of acquittal or, in the alternative, for a new trial. I deny that motion.

Mr. McCarter presents sixteen arguments in support of his motion. The first two allege that the government did not meet its burden of proving beyond a reasonable doubt that Mr. McCarter committed the crimes he was charged with. Mr. McCarter makes no attempt to explain how the government's proof was insufficient and the government's proof was, in fact, substantial.

Mr. McCarter next argues that the court erred in denying his motion to dismiss his indictment based on pre-accusatory delay. In order to show that the delay in indictment was unconstitutional, Mr. McCarter must first show that he was actually and substantially



prejudiced by the delay. *United States v. McMutuary*, 217 F.3d 477, 481-82 (7th Cir. 2000). To meet this exacting burden, Mr. McCarter must present specific and concrete allegations, supported by evidence, of the prejudicial effect. *Id.* at 482. Mr. McCarter alleges only that records from his employer at the time of the alleged crime are no longer available, that a material witness has since died, and that the photo line-ups and AFIS results from 1998 are not available. Mr. McCarter does not state how either his employment records, the testimony of this witness, or the photo line-ups and AFIS results would support his defense. He cannot show actual prejudice solely by listing sources of potential evidence that are no longer available, without clearly demonstrating the harm that will result to his defense efforts. *United States v. Canoy*, 38 F.3d 893, 902 (7th Cir. 1994)(collecting cases).

Mr. McCarter's fourth argument is that the court erred by denying his motion to dismiss the indictment for failure to allege an essential element of the offense. Specifically, he argues that the indictment did not allege a "substantial step." To be sufficient, an indictment must (1) contain the elements of the offense charged and apprise the defendant of the charges he faces and (2) be sufficiently specific so as to protect the defendant from further prosecution for the same acts. *Russell v. United States*, 369 U.S. 749, 763-64 (1962). The indictment does charge

that Mr. McCarter attempted to commit the underlying crimes. The indictment need not break down "attempt" into a definition including taking a "substantial step." The indictment stated the elements of the crime as laid out in the statute and adequately informed Mr. McCarter of the acts he was charged with.

Mr. McCarter's fifth argument is that the court erred by denying, without a hearing, his motion to suppress his statement. Before he is entitled to a suppression hearing, Mr. McCarter must present "definite, specific, detailed, and nonconjectural" facts that are both material and definite. *United States v. Rodriguez*, 69 F.3d 136, 141 (7th Cir. 1995). Mr. McCarter presented no such facts in this case. He alleged that an FBI agent threatened to beat him before he gave his statement, and that he asked for but was not granted an attorney. Mr. McCarter presented nothing beyond his bare allegations of these matters, failing to supply a supporting affidavit. *See United States v. Rollins*, 862 F.2d 1282, 1290-91 (7th Cir. 1989).

Mr. McCarter next argues that the government was improperly permitted to introduce an incomplete version of his statement to FBI Agent Sean Burke. He argues that he should have been permitted to introduce the exculpatory portions of that statement. However, Mr. McCarter could only introduce those portions of his statement if they (1) were relevant to issues in the case and (2) qualified or explained the portions introduced by the government. *United*

3

*States v. Haddad*, 10 F.3d 1252, 1258-59 (7th Cir. 1993). The government introduced portions of Mr. McCarter's statement concerning his work history. Specifically, Agent Burke had asked if Mr. McCarter had ever worked in a car detailing business or car wash, and asked Mr. McCarter to list his employment history from 2003 back to the mid-1990s. Mr. McCarter wanted to also introduce exculpatory portions of his statement, denying any involvement with the September 1998 robbery attempt. The exculpatory portions of Mr. McCarter's statement neither qualify or explain the portions concerning his work history. Further, exculpatory statements are not more credible just because they are made contemporaneously with self-inculpatory statements. *Williamson v. United States*, 512 U.S. 594, 599-600 (1994). The statements were properly excluded.

Mr. McCarter's seventh argument is that the government improperly withheld information about an FBI agent's threat to beat the defendant. Mr. McCarter alleges that immediately before he gave his statement to police, Agent Burke threatened to beat him. He argues that the failure of the government to tell him about this alleged threat, which was made directly to Mr. McCarter, was suppression of evidence that violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). Evidence is considered suppressed if "(1) the prosecution failed to disclose the evidence before it was too late for the defendant to make use of the evidence, and (2) the evidence was not otherwise available to the defendant through the

exercise of reasonable diligence." *United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002). The evidence indicated by Mr. McCarter fails this test, as evidence of any threats made to him was equally within his possession as that of the government.

Mr. McCarter's eighth argument is that the court erred in denying his proposed jury instruction on his theory of defense. A defendant is entitled to a jury instruction on his theory of defense when "(1) the proffered instruction is a correct statement of the law; (2) the defendant's theory is supported by the evidence; (3) the asserted defense theory is not already part of the charge; and (4) the failure to include the instruction on the defendant's theory would deny him a fair trial." *United States v. Payne*, 226 F.3d 792, 794 (7th Cir. 2000). Mr. McCarter requested a jury instruction about his theory of defense that read as follows: "If the only identification evidence is the defendant's fingerprint on the victim's car, the prosecution must prove beyond a reasonable doubt that the fingerprint was placed there during the commission of the offense." This proposed instruction fails the third prong of the test. A jury instruction concerning the charge of attempted robbery was given. In that charge, the jury was instructed repeatedly that the government had to prove that Mr. McCarter, the defendant, committed the acts alleged. The jury was also specifically instructed that the government's proof had to be

beyond a reasonable doubt. Mr. McCarter's proposed instruction would have been duplicative of the charge.

Mr. McCarter's ninth argument is that the court erred in denying his request for a jury instruction on eyewitness testimony. Where eyewitness testimony is a central issue, the court must give a jury instruction concerning the reliability of such identification. *United States v. Anderson*, 739 F.2d 1254, 1258 (7th Cir. 1984). However, eyewitness identification was an issue in this case, as the two witnesses to the crime specifically testified that they could not identify Mr. McCarter from their observations on September 1, 1998.

Mr. McCarter's tenth argument is that the court improperly denied his Rule 29 motion for judgment of acquittal. He argues that no effect on interstate commerce was shown. In order to bring a robbery within its prosecutorial reach, the government need only show an "actual, *if de minimis*, effect, or, where there is no actual effect, a realistic probability of an effect, on interstate commerce." *United States v. Peterson*, 236 F.3d 848, 851-52 (7th Cir. 2001). If Mr. McCarter had successfully completed his crime, he would necessarily have affected interstate commerce by forcing his victim to withdraw funds using an ATM. The connection to interstate commerce is not severed because Mr. McCarter was unable to complete his crime.

Mr. McCarter's eleventh argument is that the court improperly answered the jury's note regarding interstate commerce. Courts may give supplemental instructions to the jury. Mr. McCarter does not argue that the answer was an incorrect statement of law, nor does he argue that his counsel was not permitted to be heard before the court answered. This argument fails.

Mr. McCarter's twelfth argument is that the government improperly referred to the defense's failure to call a fingerprint witness, violating his Fifth Amendment rights. However, the prosecution may properly refer to Mr. McCarter's failure to call witnesses, other than himself. *United States v. Sblendorio*, 830 F.2d 1382, 1391 (7th Cir. 1987). The government may also imply that the defense's failure to call witnesses (other than the defendant) to offer evidence in opposition to that offered by government witnesses suggests that the government witnesses are reliable. *Id.* at 1392.

Mr. McCarter's thirteenth and fourteenth arguments are that the government improperly commented on defense counsel's integrity and argued facts not in evidence in its rebuttal argument. The government argued that if the evidence was two eyewitnesses and no fingerprint, defense counsel would be arguing that the jury must acquit because there was no fingerprint. This argument attacks defense counsel's arguments, not defense counsel personally. *See United States v. Xiong*, 262 F.3d 672, 675 (7th Cir. 2001). The

7

government also argued that the fingerprints on the victim's car window must have been left the day of the robbery, because heat, light, and friction would have damaged or destroyed earlier prints. This argument was based on testimony from the fingerprint expert as to what would affect existing prints and on reasonable inferences about the conditions the victim's car was exposed to at the end of a Chicago summer. The government made this argument in response to defense counsel's argument that the print on the victim's car window could have been left at any time, not just that day. Prosecutors may draw reasonable inferences from the evidence before the jury. *United States v. Waldman*, 50 F.3d 1379, 1383 (7th Cir. 1995).

Mr. McCarter's fifteenth argument is that the court erred by not ruling on his Rule 29 motion for judgment of acquittal at the close of the government's case. Rule 29(a) of the Federal Rules of Criminal Procedure provides that, at the close of the government's case, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." However, Rule 29(b) provides that, at the court's discretion, it may reserve judgment on such a motion until after the jury begins deliberation or even after the jury has reached a verdict. The court did not err by deferring a ruling on Mr. McCarter's motion.

Mr. McCarter's final argument is that the court erred by not holding a hearing on lost evidence during jury deliberation. No evidence was lost during jury deliberation. Some exhibits were mistakenly removed by a juror after the jury had reached and rendered a verdict. (They were returned.) No possibility of jury prejudice existed.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated:   March 3, 2004